GODWIN et al. v. UNITED STATES (two cases).

(Circuit Court, S. D. New York. February 5, 1895.)

Nos. 1,487 and 1,685.

CUSTOMS DUTIES—ANTIQUITIES—SALE AFTER IMPORTATION.
A collection of antiquities produced prior to the year 1700 is entitled to free entry under Act Oct. 1, 1890, par. 524, irrespective of the intention of the importer to sell the collection, or parts thereof, after its importation.

These were two applications by Godwin & Sons, importers of certain antiquities, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such importations

Stephen G. Clarke, for importers.

Jason Hinman, Asst. U. S. Atty., for collector.

COXE, District Judge (orally). The sole question in these causes is whether or not the importations should be admitted free under paragraph 524 of the free list of the tariff act of October 1, 1890, as collections of antiquities. They all stand on the same footing. I will consider the one composed of 10 articles. The evidence establishes the undisputed fact that each member of this collection was produced prior to the year 1700, and that they were assembled as a collection in Europe and imported here in 1891 under one invoice. Three of the 10 members of the collection were admitted without duty by the collector as antiquities. The contention is made that the remainder of the collection should not be admitted free for the reason that it appears from the evidence that it was the intention of the importer to sell the collection or parts thereof after its importation. A reading of the section in question convinces the court that there is nothing in the language employed to warrant the court in taking into consideration the intent or motive of the importer. Where it is established beyond dispute that he has imported a collection of antiquities produced prior to the year 1700, the collection is entitled to free entry under paragraph 524. The collector has nothing to do with the intent of the importer. The decision of the board of general appraisers in each case is reversed.